# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


### 18-712


**CHAD LANGLINAIS AND WENDY LEJEUNE**

**VERSUS**

**DERRICK LEBLANC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-3602, DIV. H
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### ELIZABETH A. PICKETT
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

### ON REHEARING

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.


**GRANTED IN PART AND DENIED IN PART.**


H. Alston Johnson, III
Phelps, Dunbar LLP
Post Office Box 4412
Baton Rouge, LA 70802-4412
(225) 346-0285
COUNSEL FOR DEFENDANTS-APPELLANTS:
    Derrick Leblanc
    Calcasieu Parish Police Jury

**Michael J. Williamson**
**Plauche, Smith & Nieset LLC**
**1123 Pithon Street**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS-APPELLANTS:**
    **Derrick Leblanc**
    **Calcasieu Parish Police Jury**

**Robert I. Siegel**
**Gieger, LaBorde & Laperouse, L.L.C.**
**701 Poydras St., Ste. 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Berkley Insurance Company**

**Barry A. Roach**
**Christopher S. Lacombe**
**Larry A. Roach, Inc.**
**2917 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Wendy Lejeune**
    **Chad Langlinais**

**John R. Shea**
**John Shea & Associates**
**1817 W. University Avenue**
**Lafayette, LA 70506**
**(337) 981-7432**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Chad Langlinais**
    **Wendy Lejeune**

**Thomas M. Daigle**
**Attorney at Law**
**711 Johnston Street**
**Lafayette, LA 70501**
**(337) 234-4049**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Chad Langlinais**
    **Wendy Lejeune**

**PICKETT, J.**

We granted rehearing in this case to consider the propriety of our original opinion and conclusion therein on the issue of the plaintiff's claim for future loss of earnings. Upon reconsideration, we conclude that we erred in our original opinion and amend our original opinion to award Chad Langlinais $819,000 in future lost earnings. We further conclude that the trial court did not err in awarding Chad $120,000 in future medical expenses for neck surgery and affirm that award.

## DISCUSSION

The defendants, Derrick Leblanc, Calcasieu Parish Police Jury, and Berkley Insurance Company, filed a motion for rehearing, asserting that this court correctly determined that the trial court erred in awarding Chad Langlinais $1,024,555 in future lost earnings but erred in concluding that the record supports an award $678,686 in future lost earnings and reducing the award to that amount. They also argue that we erred in affirming the trial court's award of $120,000 for future neck surgery.

Chad responded by filing a motion for rehearing, arguing that the trial court's awards for future lost earnings and future neck surgery are not manifestly erroneous. He seeks reinstatement of the trial court's award of $1,204,555 for future lost earnings and affirmation of its award of $120,000 for future neck surgery. Chad first argues that this court erred in considering the defendants' arguments on future lost earnings because they did not raise those arguments in the trial court. Chad had the burden of proving he could not return to work after the accident and his claim for loss of future earnings. *Kupke v. Shelter Ins. Co.*, 18-82 (La.App. 3 Cir. 7/11/18), 251 So.3d 471. Sufficiency of the evidence is a legal

1

issue. *Darbonne v. Wal-Mart Stores, Inc.*, 00-551 (La.App. 3 Cir. 11/2/00), 774 So.2d 1022. Additionally, Rule 1-3 of the Uniform Rules, Courts of Appeal, states that an appellate court "will review only those issues which were submitted to the trial court and which are contained in specification or assignments of error, unless the interest of justice clearly requires otherwise." Furthermore, La.Code Civ.P. art. 2164 gives an appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." As noted in the Official Revision Comment (a) to La.Code Civ.P. art. 2164, "[t]he purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." For these reasons, our review of the issue to determine whether Chad proved his claim on appeal was appropriate.

In our original opinion, we determined that the trial court committed manifest error in awarding Chad $1,024,555 for future lost earnings. The award represents $63,500 per year for eighteen years, at which time Chad would be sixty-seven years of age and able to receive 100% of his Social Security benefits. Chad's vocational rehabilitation expert testified that although Chad could no longer earn $63,500 per year as he had before the accident, he had the ability to earn $18,000 per year. Consequently, we concluded the trial court's award should be reduced to reflect Chad's earning ability. However, Chad's expert economist did not calculate Chad's future lost earnings based on a net loss of $45,500 per year, and he did not specify the discount rate or methodology he used in discounting his other calculations. We, therefore, looked to the record to determine an appropriate award for Chad's loss of earnings and awarded $678,686, which Chad's economist had testified was the current value of eleven years of lost

2

earnings.  In making this award, we failed to realize that although the economist had discounted the amount to present day value, it represented lost earnings of $63,500 per year, not $45,500 per year.

Chad argues that the trial court's award is supported by his experts' testimonies and that based on the evidence presented, the trial court could only award $1,024,555.  He points to the defendants' failure to question his experts, specifically his economist, on this issue and to present any contradictory evidence on the issue.  Chad further argues that our conclusion that he could earn $18,000 per year is not supported by the record and that the record shows he is entitled to $63,500 per year until for eighteen years.

The defendants counter that Chad did not testify that he intended to return to work at all.  Therefore, they suggest that we could simply award him $500,500, which represents eleven years of lost earnings at $45,500 without any discount.

Dr. Williams did not testify that he had released Chad to return to work.  He also did not testify, and his testimony does not establish, that Chad cannot return to work.  Dr. Williams's testimony does establish, however, that, due to the nature of his back injury, Chad should not return to working as a crane operator and that he should not lift more than twenty pounds.  It further establishes that following the single-level neck surgery he recommended for Chad, Chad's neck pain would be resolved, and he would have full range of motion in his neck.  Dr. Williams also testified that if not for his back injury, Chad could return to work as a crane operator.

Chad points to medications and treatments Dr. Williams outlined in the future care plan he prepared for Chad as the basis for his argument that he proved he cannot return to work.  Dr. Williams testified that many of his recommendations

for future medical treatment are not necessary but therapeutic in nature, indicating they are intended to maintain a good quality of life for Chad. He did not indicate that any of the treatments he recommended or his physical condition would prevent Chad from working in a capacity other than crane operator. Dr. Williams's testimony does not support Chad's claim that he cannot return to work.

Chad has the burden of proving he cannot return to work. *Kupke*, 251 So.3d 471. The evidence does not establish that he carried his burden of proof. Chad presented expert evidence establishing that he can earn $18,000 per year. The fact that his economic expert did not calculate his future lost earnings under this scenario does not negate that Chad can return to work earning $18,000 per year.

After considering the parties' arguments, we affirm our earlier finding that the evidence does not support the trial court's award of $1,024,555 for future lost earnings in the amount of $63,500 for eighteen years. Based on Chad's work history, we affirm the trial court's conclusion that Chad is entitled to future lost earnings for eighteen years, until he reaches the age of sixty-seven, and hereby determine that Chad proved he is entitled to $819,000 for future lost earnings. In doing so, we reconsider our earlier findings and conclude that the defendants had the opportunity but failed to rebut Chad's evidence on this issue. Accordingly, we award Chad $819,000 for his future lost earnings.

The defendants also assert that we erred in affirming the trial court's award of $120,000 for the neck surgery Dr. Williams recommended for Chad. After granting Chad's motion for judgment notwithstanding the verdict, the trial court became the trier of fact. *Anderson v. New Orleans Pub. Serv., Inc.*, 583 So.2d 829 (La.1991). Dr. Williams's testimony supports the trial court's award. This argument lacks merit.

4

**DISPOSITION**

For the reasons discussed, the motion for rehearing filed by the defendants, Derrick Leblanc, Calcasieu Parish Police Jury, and Berkley Insurance Company is granted in part and denied in part, and the motion for rehearing filed by Chad Langlinais is granted in part and denied in part. Accordingly, the trial court's award of $1,024,555 for future lost earnings is reduced to $819,000, and its award of $120,000 for future neck surgery is affirmed. All costs of this appeal are assessed to Derrick Leblanc, Calcasieu Parish Police Jury, and Berkley Insurance Company.

**GRANTED IN PART; DENIED IN PART; AND RENDERED.**